UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANA RUBENSTEIN and LIZA HAAS,<br><br>                              Plaintiffs,<br><br>              v.<br><br>BESS WITLIN,<br><br>                              Defendant. | Case No. 1:18-cv-07339<br><br>**COMPLAINT** |

Plaintiffs JANA RUBENSTEIN ("Jana") and LIZA HAAS ("Liza"), by their attorneys Pincus Law LLC, allege for their Complaint against Defendant Bess Witlin as follows:

## NATURE OF THE CASE

1.      Plaintiffs, daughters of the late Dr. James Rubenstein, bring this action against their stepmother, Defendant Bess Witlin, who refuses to give them their rightful shares of the proceeds from Dr. Rubenstein's qualified retirement accounts with the Morris Imaging Associates, P.A. Profit Sharing Plan; the Morris Imaging Associates, P.A. Money Purchase Plan; and the Morris Imaging, P.A. Cash Balance Retirement Plan (collectively the "Retirement Accounts").

2.      As evidenced by a Prenuptial Agreement, Dr. Rubenstein intended that, if he still was married to Defendant at the time of his death, then Jana, Liza, and Defendant each would receive one-third of the proceeds from the Retirement Accounts.

3.      Under the Prenuptial Agreement, Defendant and Dr. Rubenstein agreed that Defendant would receive a one-third share of the Retirement Accounts and that Defendant would execute a waiver of her spousal benefits from the Retirement Accounts, so that Dr. Rubenstein

1

could name her a one-third beneficiary. It also was Dr. Rubenstein's intent to name Jana and Liza each as one-third beneficiaries as well.

4. Defendant, however, failed to execute the waiver during Dr. Rubenstein's lifetime, preventing Dr. Rubenstein from making appropriate beneficiary designations. Since the terms of the plans governing the Retirement Accounts provided that a spouse would become sole beneficiary upon marriage absent a waiver, Defendant's failure to execute the waiver ensured that the plans would consider her the sole beneficiary.

5. Therefore, after Dr. Rubenstein's death, the plans administering the Retirement Accounts distributed the full proceeds of more than $4,000,000 to Defendant, who has refused to distribute any of these monies to Jana or Liza, who each are entitled to one-third of the proceeds.

6. Defendant's wrongful conduct is in breach of her Prenuptial Agreement, which has injured Jana and Liza as third-party beneficiaries of that Agreement.

7. Based on Defendant's breach, Jana is entitled to her rightful one-third share of the Retirement Accounts, valued at no less than $1,333,333.33, the imposition of a constructive trust over one-third of the proceeds of the Retirement Accounts, interest, costs, and disbursements. Also, should the IRS determine that Jana is not entitled to transfer her rightful one-third share into an Inherited IRA Account, Jana will suffer about $8.9 million in consequential damages resulting from the loss of tax benefits she would have received had Defendant adhered to the Prenup.

8. Based on Defendant's breach, Liza is entitled to her rightful one-third share of the Retirement Accounts, valued at no less than $1,333,333.33, the imposition of a constructive trust over one-third of the proceeds of the Retirement Accounts, interest, costs, and disbursements. Also, should the IRS determine that Liza is not entitled to transfer her rightful one-third share

into an Inherited IRA Account, Liza will suffer about $9.6 million in consequential damages resulting from the loss of tax benefits she would have received had Defendant adhered to the Prenup.

## PARTIES

9. Plaintiff Jana Rubenstein, an individual, is domiciled at 1169 Pacifica Place, Encinitas, California 92024.

10. Plaintiff Liza Haas, formerly Liza Rubenstein, an individual, is domiciled at 1016 Watkins Street, Philadelphia, Pennsylvania 19148.

11. Upon information and belief, Defendant Bess Witlin is domiciled at 530 East 72nd Street, Apartment 5D, New York, New York 10021.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), as Defendant resides in this District.

## FACTS

14. Jana and Liza are the daughters of the late Dr. James Rubenstein ("Dr. Rubenstein") and his first wife, whom he divorced in 2008.

15. Defendant was Dr. Rubenstein's second wife and was married to him from June 22, 2013 until his death on April 13, 2017.

16. During his lifetime, Dr. Rubenstein maintained retirement accounts with the Morris Imaging Associates, P.A. Profit Sharing Plan (the "Profit Sharing Account"); the Morris

Imaging Associates, P.A. Money Purchase Plan (the "Money Purchase Account"); and the Morris Imaging, P.A. Cash Balance Retirement Plan (the "Cash Balance Account") (collectively the "Retirement Accounts").

17. In October 2012, Dr. Rubenstein named Jana and Liza as the primary beneficiaries of the Retirement Accounts, with each entitled to 50% of the proceeds. True and correct copies of the designation forms are attached as Exhibit A.

18. On May 30, 2013, a few weeks before their June 22, 2013 wedding, Dr. Rubenstein and Defendant entered into a Prenuptial Agreement (the "Prenup"), for which each retained independent counsel. A true and correct copy of the Prenup is attached as Exhibit B.

19. By operation of the terms of the plans governing the Retirement Accounts, Defendant would become sole beneficiary of Dr. Rubenstein's Retirement Accounts upon their marriage, absent a waiver.

20. Dr. Rubenstein, however, only wanted Defendant to receive one-third of his Retirement Accounts, with the remaining two-thirds going to Jana and Liza in equal shares.

21. Under paragraph 17 of the Prenup, Dr. Rubenstein agreed to prepare a Last Will and Testament within 90 days of marriage making various provisions for Defendant, including giving her one-third of his augmented Estate. It was Dr. Rubenstein's intent, as later evidenced by his Last Will and Testament that, if Defendant survived him and they were married at his death, anything not willed to Defendant would go to Jana and Liza in equal shares, *per stirpes*, as residuary beneficiaries. (Ex. B at § 17.)

22. Paragraph 17 of the Prenup also provided that Dr. Rubenstein would name Defendant as a one-third beneficiary of his "Defined Contribution and Defined Benefit Retirement plans" and that, for the purpose of calculating Defendant's share of Dr. Rubenstein's

augmented estate, the "total amount of his retirement plans" would not be included in calculating Defendant's share of Dr. Rubenstein's augmented estate. (Ex. B at § 17.)

23. Under Paragraph 22 of the Prenup, Defendant agreed that, within 30 days of marriage, she would "sign a waiver of any death benefit to which she might otherwise be entitled from any or all of [Dr. Rubenstein's] retirement plans" (the "Waiver"). (Ex. B at § 22.)

24. Under Paragraph 27 of the Prenup, Defendant also agreed to "execute, acknowledge and deliver any additional instruments that may be reasonably required to carry the intention of [the Prenup] into effect." (Ex. B at § 27.)

25. On September 30, 2013, Dr. Rubenstein executed a Last Will and Testament (the "Will").  A true and correct copy of the Will is attached as Exhibit C.

26. Section Second, Paragraph B of the Will states that Dr. Rubenstein intended to comply with the Prenup and therefore, if Dr. Rubenstein and Defendant were married and living together as husband and wife at the time of his death, Defendant would receive an amount equal to one-third of Dr. Rubenstein's taxable estate, unless the value of their Residence was greater, in which case Defendant would receive the Residence.

27. Under Section Third of the Will, Dr. Rubenstein left his residuary estate to his descendants, *per stirpes*.  Plaintiffs are the descendants referenced in the Will.

28. Under the Will, if Defendant survived Dr. Rubenstein and they were married at the time of his death, everything not left to Defendant was part of his residuary estate.

29. At the time of the Will, Dr. Rubenstein's only children were Jana and Liza.  Dr. Rubenstein did not have or plan to have any more children after that.

30. At the time of Dr. Rubenstein's death on April 13, 2017, Defendant still had not signed the Waiver.

5

31. Without first obtaining the Waiver from Defendant, Dr. Rubenstein was, by the terms of the governing plans, unable to name Defendant as a one-third beneficiary of the Retirement Accounts as set forth in paragraph 17 of the Prenup or name Jana and Liza as one-third beneficiaries of the Retirement Accounts as intended.

32. The Retirement Accounts' beneficiary designation form continues to name Jana and Liza as beneficiaries. As Defendant was the surviving spouse and there was no signed waiver, however, Defendant became the sole beneficiary of the Retirement Accounts under the terms of the plans governing the Retirement Accounts. Therefore, the plans distributed the entire proceeds of the Retirement Accounts to Defendant in or about July 2018. At the time of this distribution, the Retirement Accounts were valued at no less $4,000,000.

33. Defendant received the full proceeds of the Retirement Accounts because she wrongfully refused to sign the Waiver, which enabled her to become the sole beneficiary of these Accounts at the time Dr. Rubenstein died.

34. Despite agreeing in the Prenup to waive her right to spousal benefits in the Retirement Accounts and only take a one-third share of the proceeds from the Retirement Accounts, Defendant has claimed all of the proceeds of the Retirement Accounts for herself and refuses to give Jana and Liza their rightful shares of at least $1,333,333.33 each.

35. The Retirement Accounts already have paid the proceeds to Defendant. Jana and Liza cannot put the money to which they are entitled back into the Retirement Accounts even if they recover that money from Defendant.

36. If Liza and Jana directly had received their rightful shares of the Retirement Accounts, they each could have transferred the proceeds of the Retirement Accounts into an Inherited IRA Account, where the money would grow on a tax-deferred basis. As Jana and Liza

are 32 and 29 years old, respectively, such an arrangement would provide them with significant tax benefits over their lifetimes.

37. Even if Jana and Liza recover their rightful shares of the Retirement Accounts in this lawsuit, they will be receiving the money from Defendant. Should the Internal Revenue Service decide that Jana and Liza are not entitled to transfer these funds into an inherited IRA because the funds were not paid directly to them from a qualified retirement plan, Jana and Liza will suffer significant adverse tax consequences over each of their lifetimes.

38. Based on their life expectancies, the loss of the ability to place her rightful share of the Retirement Accounts into an Inherited IRA Account will cost Jana about $8.9 million over her lifetime and will cost Liza about $9.6 million over hers. Minimum required distribution projections from Voya.com are attached to this Complaint for Jana as <u>Exhibit D</u> and for Liza as <u>Exhibit E</u> and show the potential consequential damages that each of them may suffer.

**FIRST CLAIM**
**(Breach of Contract)**

39. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 38 of this Complaint, as if set forth at length herein.

40. The Prenup was a valid agreement between Dr. Rubenstein and Defendant.

41. Jana and Liza are the intended third-party beneficiaries of the Prenup, as Dr. Rubenstein and Defendant had agreed that Defendant would receive one-third of the Retirement Accounts with the understanding that the remaining two-thirds would be given to Liza and Jana in equal shares.

42. Dr. Rubenstein performed all conditions precedent to Defendant executing the Waiver.

43. By refusing to execute the Waiver, Defendant breached the Prenup.

44.     As a direct and proximate result of Defendant's breach, Jana has been deprived of her rightful one-third share of the Retirement Accounts, suffering damages of at least $1,333,333.33, plus interest, costs, and disbursements.  Should the IRS determine that Jana is not entitled to transfer her rightful one-third share into an Inherited IRA Account, Jana will suffer about $8.9 million in consequential damages resulting from the loss of tax benefits she would have received had Defendant adhered to the Prenup.

45.     As a direct and proximate result of Defendant's breach, Liza has been deprived of her rightful one-third share of the Retirement Accounts, suffering damages of at least $1,333,333.33, plus interest, costs, and disbursements.  Should the IRS determine that Liza is not entitled to transfer her rightful one-third share into an Inherited IRA Account, Liza will suffer about $9.6 million in consequential damages resulting from the loss of tax benefits she would have received had Defendant adhered to the Prenup.

## SECOND CLAIM
### (Constructive Trust)

46.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 45 of this Complaint, as if set forth at length herein.

47.     Defendant's failure to execute the spousal waiver as agreed under paragraph 22 of the Prenup constitutes a "wrongful act" supporting the imposition of a constructive trust.

48.     As a result of Defendant's wrongful act, Defendant was unjustly enriched, as one-third of the proceeds in the Retirement Accounts rightfully belonging to Jana and another one-third of these proceeds rightfully belonging to Liza were distributed not to Plaintiffs but instead to Defendant, who refuses to transfer these proceeds to Jana and Liza.

49.     Based on these circumstances, this Court should determine that, when the proceeds of the Retirement Accounts were distributed, one-third of the proceeds were given to

Defendant to hold in trust for Jana and one-third of the proceeds were given to Defendant to hold in trust for Liza.

WHEREFORE, Plaintiffs seek judgment in their favor and against Defendant as follows:

a. Awarding Jana at least $1,333,333.33 in damages, plus interest, costs, and disbursements;

b. Awarding Liza at least $1,333,333.33 in damages, plus interest, costs, and disbursements;

c. Determining that, when the proceeds of the Retirement Accounts were distributed, one-third of the proceeds were given to Defendant to hold in trust for Jana and one-third of the proceeds were given to Defendant to hold in trust for Liza;

d. Awarding Jana at least $8,887,474.00 in consequential damages if the IRS determines that Jana is not entitled to transfer her rightful one-third share of the Retirement Accounts into an Inherited IRA Account;

e. Awarding Liza at least $9,641,180.00 in consequential damages if the IRS determines that Liza is not entitled to transfer her rightful one-third share of the Retirement Accounts into an Inherited IRA Account;

f. Granting any other relief deemed just and proper.

Dated: August 14, 2018

                                              ___s/ Mark S. Pincus_____
Mark S. Pincus
PINCUS LAW LLC
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 962-2900
mark@pincus-law.com
*Attorneys for Plaintiffs*